Case No. 20-1495

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

LEADERS OF A BEAUTIFUL STRUGGLE, *et al.*,

*Plaintiffs-Appellants,*

v.

BALTIMORE POLICE DEPARTMENT, *et al.*,

*Defendants-Appellees.*

_____

On Appeal from the U.S. District Court
for the District of Maryland at Baltimore
Case No. 1:16-cv-00929-RDB

_____

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE ELECTRONIC FRONTIER FOUNDATION, BRENNAN CENTER FOR JUSTICE, ELECTRONIC PRIVACY INFORMATION CENTER, FREEDOMWORKS FOUNDATION, NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS, AND RUTHERFORD INSTITUTE IN SUPPORT OF PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING EN BANC**

_____

Rachel Levinson-Waldman
Laura Hecht-Felella
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
1140 Connecticut Ave. NW, Suite 1150
Washington, DC 20036

Elizabeth Franklin-Best
NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS
Elizabeth Franklin-Best, P.C.
2925 Devine Street
Columbia, South Carolina 29205

John W. Whitehead
Douglas R. McKusick
RUTHERFORD INSTITUTE
109 Deerwood Road
Charlottesville, VA 22906

Sophia Cope
  *Counsel of record*
Mark Rumold
Adam Schwartz
Saira Hussain
Hannah Zhao
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
sophia@eff.org
  *Counsel for Amici Curiae*

# DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A DIRECT FINANCIAL INTEREST IN LITIGATION

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, amici curiae Electronic Frontier Foundation, Brennan Center for Justice, Electronic Privacy Information Center, FreedomWorks Foundation, National Association of Criminal Defense Lawyers, and Rutherford Institute state that they do not have a parent corporation, and that no publicly held corporation owns 10% or more of the stock of amici.

Dated: November 25, 2020

Respectfully submitted,

*/s/ Sophia Cope*
Sophia Cope

ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

*Counsel for Amici Curiae*

**Introduction**

Pursuant to FRAP 29(a)(3) and 29(b)(3), amici Electronic Frontier Foundation, Brennan Center for Justice, Electronic Privacy Information Center, FreedomWorks Foundation, National Association of Criminal Defense Lawyers, and Rutherford Institute respectfully request leave to file the accompanying brief in support of Plaintiffs-Appellants' petition for rehearing en banc.

All parties have consented to the filing of the brief.

**I.      Interest of amici curiae.**

Amici represent a range of political, ideological, and organizational interests. *See* Brief of Amici Curiae, Addendum at A1-A5. Notwithstanding these differences, amici share a common interest: ensuring the Fourth Amendment's vital protection for individual privacy is undiminished by new and intrusive surveillance technology. *See* Brief of Amici Curiae at 1.

**II.     Amici will assist the Court's consideration of the important issues presented in this case by providing the Court with additional viewpoints beyond those of the parties.**

This petition presents exceptionally important questions concerning the Fourth Amendment's application to novel and invasive surveillance technology.

In light of the significance of the issues presented by this petition, the Court may benefit from considering a variety of viewpoints, beyond those presented by the parties themselves. *See* FRAP 29(a)(3)(B).

### A. This petition raises exceptionally important legal, social, and technological questions.

The issues raised by this petition concern important legal, social, and technological questions—questions that will likely implicate interests beyond this particular case.

Baltimore's Aerial Investigative Research (AIR) program comprehensively tracks the movements of more than a half-million people as they travel through the City of Baltimore. A surveillance program of that breadth plainly raises important legal questions concerning the Fourth Amendment. *See* Brief of Amici Curiae at 4-13.

The AIR program—and this petition—also raise important social and technological questions. For example, this case exemplifies the disparate burden of government surveillance borne by communities of color. Intrusive surveillance technologies, like the AIR program, are first tested in communities of color; then, they are deployed in them. *See* Brief of Amici Curiae at 2-4.

Further, the surveillance net cast by the City of Baltimore—through aerial surveillance, through automated license plate readers (ALPRs), and through a network of security cameras—is illustrative of the ever-expanding reach of law enforcement surveillance tools. This petition raises important questions about the Constitutional limits on the use of such tools, especially when their use is considered collectively. *See* Brief of Amici Curiae at 8-10.

### B. The Court's consideration of these important issues may be aided by the consideration of a variety of viewpoints, including those presented by amici.

The Court's resolution of this petition will likely have consequences far beyond this case: other communities across the country, when similar programs are considered in the future, will likely look to this Court's guidance on the appropriate Constitutional limits for such surveillance. Indeed, Fourth Amendment cases often implicate the rights of parties not before the court. *See, e.g.,* Hannah Bloch-Wehba, *Transparency After Carpenter*, 59 Washburn L.J. 23, 23 (2020) (arguing that in the Supreme Court's Fourth Amendment decisions there are "longstanding preoccupations . . . with protecting the 'public'—particularly innocent third parties—from intrusive and baseless investigations"); *id.* at 24–29 .

Given the potential wide-ranging consequences of this Court's decision, consideration of the views of others, like amici, with interests beyond those represented by the parties themselves, may assist the Court. *See Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (recognizing "amici often make useful contributions to litigation"); *see also Neonatology Assocs., P.A. v. Commissioner of Internal Revenue*, 293 F.3d 128, 132 (3rd Cir. 2002) (Alito, J.) ("Even when a party is well represented, an amicus may provide important assistance to the court.").

As noted, amici represent a variety of organizational and ideological interests; and amici regularly participate in this and other federal courts in cases

concerning new surveillance technologies and the Fourth Amendment. *See* Brief of Amici Curiae, Addendum at A1-A5 (describing participation of amici cases before the Supreme Court and Fourth Circuit involving the Fourth Amendment in the digital age).

For these reasons, amici believe their participation will assist the Court in its consideration of the petition for rehearing en banc. *See* FRAP 29(a)(3)(B).

## CONCLUSION

Amici respectfully request that the motion to file their brief be granted.

Dated: November 25, 2020        Respectfully submitted,

                                   */s/ Sophia Cope*
                                   Sophia Cope
                                      *Counsel of Record*

                                   Mark Rumold
                                   Adam Schwartz
                                   Saira Hussain
                                   Hannah Zhao
                                   ELECTRONIC FRONTIER FOUNDATION
                                   815 Eddy Street
                                   San Francisco, CA 94109
                                   (415) 436-9333
                                   sophia@eff.org

                                   *Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system on November 25, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: November 25, 2020         */s/ Sophia Cope*
Sophia Cope

*Counsel for Amici Curiae*